THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHANE LEE MACK, JR.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER OVERRULING OBJECTION TO COVID-19 TESTING**<br><br>Case No. 4:18-cr-00054-DN<br><br>District Judge David Nuffer |

The parties have filed a stipulated objection to the requirement that all participants in this trial submit to rapid COVID testing.[1] The objection is concise and thoughtfully composed.

### COVID Rapid Testing Procedures

Because the Covid Rapid Testing Procedures have been developed only in the last few days and sent to counsel by email, they are reproduced here.

> All persons who come to the courtroom the first morning of trial, Monday May 10 – court staff, counsel and support staff, jurors, witnesses appearing that day-- will be Binax tested. This is a one-inch swabbing of the nostrils. The Health Department will administer and report the tests. This is standard for Utah State court.[2] The burden of this testing is reduced by the use of virtual jury selection on Friday May 7.
>
> The court cannot do Binax testing on days other than Monday, so we may have some non-tested people in the courtroom.
>
> Counsel have been asked to submit names of all persons proposed to *attend the trial* as participants (trial team) and observers and when you expect them to be there. Then decisions can be made about who will sit where and when. It may be that someone who will be appearing on Wednesday to observe could be admitted to the courtroom if they appear for testing Monday morning.

---

[1] Stipulated Objection to Covid-19 Testing Requirements, docket no. 197, filed May 6, 2021.

[2] COVID Jury Video 2021 - YouTube  https://www.youtube.com/watch?v=7yU4nDk-MP4 (last visited May 6, 2021).

Those who will be tested Monday should pre-register at https://redcap.link/utah.gov-FED-CRT. Registering before arriving at the court takes approximately 2 minutes and greatly speeds up the testing process. This link will be sent to the jurors after they are selected and is being sent to the USMS for their deputies and the CSOs.

Counsel have been asked to send this information to people listed in the table below that do not receive the procedure directly from the court.

A testing timeline has been established so that we can spread out the testing and avoid a bottleneck:

| Group of Trial Participants | Testing Time – Jury Assembly Area | Where to Go After Testing |
|---|---|---|
| Judge & court staff (CRDs, law clerks, court reporters, other court staff) | 7:30 a.m | May return immediately to offices/courtroom |
| Jurors | 7:50 a.m. | Will stay in Jury Assembly Room until approximately 8:15 and will then be taken to Grand Jury Room A. |
| Defendant's counsel, assistants, available witnesses, & family members | 8:10 a.m. | May go to courtroom |
| Prosecution, assistants, available witnesses, victims/support | 8:30 a.m. | May go to courtroom |

Anyone who seeks entry to the courtroom who cannot be present at the appointed time Monday May 10 should obtain a COVID test and bring the test result with them to the courthouse on the day of their first appearance. Free rapid testing is available at many locations, including these in Utah. https://coronavirus.utah.gov/utah-covid-19-testing-locations/ The test is apparently available for purchase at pharmacies.[3] *See also* https://kslnewsradio.com/1944083/free-rapid-covid-19-tests-are-available-these-utah-locations-this-week/   This test is a benefit to everyone in the trial.

---

[3] https://www.cvs.com/shop/abbott-binaxnow-covid-19-antigen-self-test-2-tests-for-serial-testing-prodid-550147 (last visited May 6, 2021).

**Preparatory Notices to Counsel and Other Precautions**

The rapid testing is consistent with the COVID-19 Trial Order Addendum [4] which outlined rapid testing as one of the measures the court would take to mitigate the risks in a jury trial. In that order, the risks were stated to include:

- transmission of virus as droplets or aerosols;
- closed space;
- long duration event;
- proximity to others;
- surface contamination; and
- contamination outside the courthouse.

The measures the court was planning to take were also listed:

- properly worn face masks;
- Plexiglas™ barriers;
- increased air circulation and outside air mix;
- physical distancing of six feet at all times;
- regular surface cleaning;
- hand sanitizer;
- no items, including exhibits, will be passed to court staff, parties, witnesses, or jurors;
- meals brought in for jurors;
- restrictions on social activities between trial days;
- trial participant health questionnaires;
- temperature screening (when available); and
- rapid testing (when available).

No objection to the COVID-19 Trial Order Addendum was filed.

In the COVID-19 Trial Order Addendum the parties were also advised to review the District of Utah COVID-19 Information Center and Resumption of Certain In-Person Court Proceedings web pages and:

    a. District of Utah petit jury trial plan (including the applicable courtroom diagrams);
    b. Jury selection timetable;
    c. Letter sent to all jury pool members;
    d. Standard jury health and general questionnaires for jury panel;
    e. Pre voir dire jury instruction; and
    f. Courtroom photographs (St. George).

---

[4] Docket no. 153, filed April 7, 2021.

## Disposition of Objections

First, the parties note that witnesses are competent to testify without a Covid-19 test. Federal Rule of Evidence 601 states that "[e]very person is competent to be a witness unless these rules provide otherwise." This is true. However, requirements for courthouse entry are regularly imposed, and currently significant health protection measures are in place to protect those who enter the courthouse. These provisions, like rapid testing are also restrictive. Rule 601 is not an absolute rule. The court has attempted to impose reasonable health and safety measures. This objection is overruled.

Second, the parties state the testing requirement is unduly burdensome on the 13 witnesses who will testify across multiple days. "Only four or five witnesses will testify on Monday."[5] That leaves eight or nine witnesses to obtain a rapid test over the next four days. The rest of the participants can be tested Monday. That is a significant step. The others have advance notice and can make a good faith effort to be tested. Free rapid test sites are available. Without any specific facts about a specific witness who has made a reasonable effort to obtain a test, and failed, this objection is overruled.

Third, the parties argue that the testing requirement is intrusive and potentially unlawful because witnesses and victims have orders or rights to attend hearings. Further, the parties correctly point out that tests are intrusive. Without any facts to support arguments that any specific witness or victim will not consent to testing, this objection is overruled. A minimal burden is not an absolute bar, and is justified by the need to protect the integrity and safety of the trial participants. This objection is overruled.

---

[5] Objection at 2.

Fourth, the parties declare that the requirements of barriers, masks, distancing, and other efforts ensure the health and safety of participants without the requirement of testing. In this first trial in over a year, while Salt Lake County is still an area of high infection rates, more protection seems advisable. Why should an available safeguard be disregarded? There is no guarantee of a safe trial in this pandemic. But every step that can be taken is a step in the right direction. This objection is overruled.

[6]Fifth, the parties correctly point out that rapid tests can be unreliable. But the partial effectiveness of the tests is a safeguard that can assure jurors, witnesses, the defendant, counsel, and court staff that safety is sought. If a test returns a positive indication, the court and counsel will confer about the best approach. In state court proceedings to date, where these same procedures are used, no positive tests have resulted. Expectations of testing incentivizes careful behavior. Seat belts and airbags do not save all lives but we use them. This objection is overruled.

## CONCLUSION

The parties' care in formulating and agreeing on the objections is appreciated. The parties' continued efforts toward a safe trial will also be appreciated.

Signed May 6, 2021.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[6] "Because of very high Covid-19 transmission in Salt Lake County, unvaccinated people are at a very high risk. Vaccinated people are at lower risk." Salt Lake County, Utah Covid Case Tracker - The New York Times (nytimes.com) https://www.nytimes.com/interactive/2021/us/salt-lake-utah-covid-cases.html (last visited May 6, 2021).