UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>SHANE LEE MACK, JR.,<br><br>               Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [209] RENEWED MOTION FOR MISTRIAL**<br><br>Case No. 4:18-cr-00054-DN-PK<br><br>District Judge David Nuffer |

Defendant Shane Lee Mack, Jr. filed a motion for mistrial ("Motion"),[1] raising again an issue which occurred during his trial testimony on May 12, 2021, the last day of the trial. To protect key trial participants from the possibility of COVID-19 exposure, proceedings were available by Zoom.gov to individuals who were not required to be in the courtroom.

> During what the Defendant views to be his most pivotal and important testimony during the jury trial, the word 'liar' was broadcast throughout the courtroom's speaker system. Defendant moved for a mistrial at that time and said motion was denied. However, late on May 13, 2021, Assistant United States Attorney, Jay Winward, in a Zoom hearing in this matter, disclosed that it was an employee of the United States Attorney's Office who made the declaration while electronically viewing the proceedings in St. George and that it was picked up on a microphone in the employee's office and broadcast over the court system.[2]

The occurrence is documented in the transcript of the examination:

```
Q. And in my interpretation of this document,
under 3(a), is that they added Count 3 and that you
pled to a different added count; is that correct?
A. Yes, sir.
Q. Did you understand that plea to be to a
```

---

[1] Renewed Motion for Mistrial, or in the Alternative, Motion for New Trial ("Motion"), docket no. 209, filed May 27, 2021.

[2] *Id*. at 1.

```
                    felony at that time?
                    A. No, sir.
                    UNIDENTIFIED SPEAKER: Liar.
                    Q. (BY MR. BURNS) I am going to -- Your
                    Honor, can we go back to --
                    MR. WINWARD: Your Honor, I just heard a
                    noise on the record. I think we need an instruction to
                    disregard anything that came across --
                    THE COURT: Disregard anything that came
                    across. Mr. Dial, is that muted, the external
                    listening?
                    CLERK DIAL: Yes. Yes, Your Honor.
                    THE COURT: Okay. I heard a word. I
                    didn't understand it, but that's not part of the
                    record.
                    MR. BURNS: Your Honor, I understand it's
                    not part of the record. I don't know what was said,
                    who heard, or I don't know what was stated, but can I
                    just receive an instruction that it should be
                    disregarded if anybody was -- did or -- hear that.
                    THE COURT: If you heard anything from that
                    faint sound and could understand it, it is not part of
                    the record here. It's not under oath. It should be
                    disregarded.
                    Q. (BY MR. BURNS) I'm scrolling down to
                    paragraph 3(b). Do you see this paragraph?³
```

As the record reflects, the word "liar" was heard, and an immediate curative instruction was given. As the record also reflects, all those listening by Zoom.gov were muted involuntarily and had no ability to unmute their audio.⁴ Defendant was not denied a fair trial; the verdict is not contrary to the weight of the evidence; and no miscarriage of justice occurred. Therefore, Defendant's Motion⁵ is DENIED.

---

[3] May 12, 2021, Jury Trial Partial Transcript ("Transcript"), 6:20-7:25, docket no. 213, filed July 16, 2021.

[4] *Id.* at 18:22-19:10.

[5] Docket no. 209, filed May 27, 2021.

## RELIEF SOUGHT

Defendant moves for a mistrial.[6] Alternatively, Defendant moves for "a new trial based upon the newly discovered evidence that it was an [sic] governmental actor under the Plaintiff's employ which prejudiced the Defendant."[7]

## STANDARD FOR DECISION

**Motion for Mistrial.** "The district court has discretion to grant a mistrial only when a defendant's right to a fair and impartial trial has been impaired."[8] Prosecutorial misconduct is one circumstance for which a mistrial may be granted.

**Motion for New Trial.** Guidance for evaluation of a motion for a new trial is found in Rule 33 of the Federal Rules of Criminal Procedure. "The court . . . may grant a new trial to that defendant if required in the interest of justice."[9] Case law directs courts to "[weigh] the evidence and the credibility of the witnesses, [to determine if] the verdict is contrary to the weight of the evidence such that a miscarriage of justice may have occurred . . . .".[10]

In sum, "[b]oth motions for mistrial and new trial call for an examination of the prejudicial impact of an error or errors when viewed in the context of an entire case."[11]

## DISCUSSION

It is evident that in the three days of testimony, this incident during Defendant's testimony on the last day of trial had no effect. The word "liar" was interjected when Defendant

---

[6] *Id*.

[7] *Id*. at 2.

[8] *United States v. Meridyth,* 364 F.3d 1181, 1183 (10th Cir. 2004).

[9] Fed. R. Crim. P. 33.

[10] *United States v. Gabaldon,* 91 F.3d 91, 93-94 (10th Cir.1996) (quoting *United States v. Evans*, 42 F.3d 586, 593 (10th Cir. 1994)).

[11] *Id*. at 94 (quoting *United States v. Haar,* 931 F.2d 1368, 1374 (10th Cir.1991)); *Evans,* 42 F.3d at 593.

3

was testifying about his awareness of his status as a felon which was only consequential to Count 1. The evidence of his status as a felon, as well as his knowledge of his status, was strong. And Defendant was found guilty on all four counts.[12] The timing of the word's broadcast did not bear on the other counts. Nor did Defendant's testimony bear significantly on those counts. The evidence of Defendant's guilt on all four counts was strong. Therefore, the timing of the word's broadcast was not, as Defendant asserts, at the "most pivotal and important testimony during the jury trial."[13]

That a government representative made the statement is also not a sufficient basis to necessitate a mistrial or new trial. The jury had no opportunity or reason to perceive that the word "liar" was spoken by a government representative. The attribution of the statement came out a day later after the verdict was rendered and the jury excused. And as Defendant concedes,[14] there is no evidence suggesting that the word's broadcast was intentional or in bad faith.

Additionally, the government indicated that "none of the members of the jury reacted to or acknowledged the accidental broadcast during or after trial."[15] No one observed a reaction by any juror at the time the word was broadcast.[16] The prosecution team spoke with multiple jurors after trial and "none mentioned the noise" but "discussed the amount of evidence against [D]efendant and his inconsistent and uncredible testimony."[17] Defendant has presented no evidence that any jury heard the word, or that it had any effect on the jurors' deliberations.

---

[12] Verdict, docket no. 204, filed May 12, 2021.

[13] Motion at 1.

[14] *Id*. at 2.

[15] Response to Defendant's Renewed Motion for Mistrial or, in the alternative, Motion for New Trial ("Response") at 4, docket no. 211, filed June 1, 2021.

[16] Transcript 15:22-16:19.

[17] Response at 4.

And regardless of whether a juror heard the word, a curative instruction was immediately given, which did not call attention to the word.

On this record, Defendant was not denied a fair and impartial trial; the verdict is not contrary to the weight of the evidence; and no miscarriage of justice occurred.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion[18] is DENIED.

Dated July 19, 2021.

BY THE COURT:

David Nuffer
United States District Judge

---

[18] Docket no. 209, filed May 27, 2021.